IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL J. FAVOR [sic],

        Case No. 2:13-cv-655

   Plaintiff,        JUDGE GREGORY L. FROST
        Magistrate Judge Norah McCann King

v.

W.L. GORE ASSOCIATES, INC., et al.,

   Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's motion to remand and for attorneys' fees. (ECF No. 20.) Defendants have filed separate opposition memoranda (ECF Nos. 30, 31) and Plaintiff has filed a reply (ECF No. 37). Defendants C.R. Bard, Inc., and Davol, Inc., have also filed an alternative "motion to sever" the claims against the hospital and physician defendants in the event this Court is inclined to remand. (ECF No. 31.) Upon consideration of the arguments of the parties and the applicable law, the Court **DENIES** Plaintiff's motion for remand (ECF No. 20) and **DENIES AS MOOT** the alternative motion to sever (ECF No. 31). This Court retains jurisdiction over this matter.

### I.

Plaintiff Michael J. Favors filed this action in the Franklin County (Ohio) Court of Common Pleas on June 3, 2013, alleging various claims arising from a hernia surgery he underwent on February 22, 1999. Plaintiff alleges that "Gore Surgical Mesh" was implanted into his body to repair an inguinal hernia. (Compl. ¶¶ 24-27, 54, ECF No. 2.) The Complaint names W.L. Gore Associates, Inc. ("Gore"), Davol, Inc. ("Davol"), and C.R. Bard, Inc. ("Bard") as "Manufacturing Defendants" that allegedly "designed, researched, manufactured, tested,

advertised, promoted, marketed, sold, and distributed" the Gore Surgical Mesh.  (*Id.* at ¶ 3.) Defendants Christopher McIltrot, M.D. and G. Mitchell Kennedy, M.D. are the doctors who allegedly performed the hernia surgery on Plaintiff and Defendant Riverside Methodist Hospital ("Riverside") allegedly supplied the Gore Surgical Mesh to the surgeons.  (*Id.* at ¶¶ 65-72.) Plaintiff's Complaint alleges claims sounding in strict liability, negligence, and breach of warranty against the Manufacturing Defendants.  (*Id.* at ¶¶ 55-63.)  As against Dr. McIltrot, Dr. Kennedy, and Riverside, Plaintiff alleges claims sounding in medical malpractice and negligence.  (*Id.* at ¶¶ 64-76.)  Plaintiff's negligence claim against the physicians and Riverside alleges negligence with regard to "improper medical records management."  (*Id.* at ¶ 75.)

Defendant Gore removed the action to this Court with the consent of all other Defendants.  (ECF No. 1 at ¶ 28, PageID# 8.)  The Notice of Removal invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).  Despite the lack of complete diversity of the parties (Plaintiff, Defendant Kennedy, and Defendant Riverside reside in Ohio), the Notice of Removal alleged that the citizenships of Dr. Kennedy and Riverside are disregarded for purposes of jurisdiction under the doctrine of fraudulent joinder.  (*Id.* at ¶¶ 6-7, PageID# 3.)  Because all of Plaintiff's claims against Dr. Kennedy and Riverside arise out of the alleged implantation of Gore Surgical Mesh, Defendants contend that the claims are "medical claims" barred by Ohio's four-year statute of repose.  *See* Ohio Rev. Code § 2305.113(C). And because the claims against the non-diverse Defendants are time-barred, Defendants contend that the doctrine of fraudulent joinder applies, enabling Defendants to invoke the diversity jurisdiction of this Court.  *See Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (noting that fraudulent joinder of non-diverse defendants does not prevent removal to federal court on diversity grounds).

**II.**

The fraudulent joinder doctrine is a judicially created exception to the rule of complete diversity of citizenship being required to invoke the diversity jurisdiction of the federal courts. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). To invoke this well established exception to the rule of complete diversity, the removing defendants must produce "sufficient evidence" that Plaintiff cannot establish a cause of action under Ohio law against the Ohio defendants. *See Coyne*, 188 F.3d at 493. This is a more substantial burden than the defendants would face if they had brought a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Casias v. Wal-Mart Stores, Inc*., 695 F.3d 428, 433 (6th Cir. 2012). In other words, the Court's inquiry into a plaintiff's claims when faced with a claim of fraudulent joinder is "similar to, but more lenient than" the analysis triggered by a Rule 12(b)(6) motion to dismiss. *Id.* (citing *Walker v. Philip Morris USA, Inc*., 443 F. App'x 946, 952-54 (6th Cir. 2011)). Defendants must show that there is *no colorable basis* to predict that Plaintiff "may recover" against either Riverside or Dr. Kennedy under Ohio law. *Id.* (quoting *Coyne*, 183 F.3d at 493). In conducting the fraudulent joinder analysis, the Court may "pierce the pleading" to consider evidence outside the pleadings, but only for the limited purpose of identifying "undisputed facts that negate the claim." *Id.*

One way of establishing fraudulent joinder is to demonstrate that claims against the non-diverse defendants are time barred as a matter of law. *See Way Int'l v. Exec. Risk Indemn. Co.*, No. 3:07-cv-294, 2008 U.S. Dist. LEXIS 25445, at *8 (S.D. Ohio Mar. 31, 2008) (collecting cases). In this case, Defendants contend that the claims against Riverside and Kennedy are barred by the Ohio Rev. Code § 2305.113(C), which provides:

> Except as to persons within the age of minority or of unsound mind as provided by section 2305.16 of the Revised Code, and except as provided in division (D) of this section, both of the following apply:

3

> (1) No action upon a medical, dental, optometric, or chiropractic claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim.
>
> (2) If an action upon a medical, dental, optometric, or chiropractic claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim, then, any action upon that claim is barred.

Ohio Rev. Code § 2305.113(C) is a statute of repose that bars an action four years after the occurrence giving rise to the medical claim, regardless of when the claim may have accrued. *See Ruther v. Kaiser*, 134 Ohio St. 3d 408, 2012-Ohio-5686, 983 N.E. 2d 291, at ¶ 18 (Ohio 2012). In this case, it is undisputed that the surgery in question took place on February 22, 1999. Thus, taking as true Plaintiff's allegation that the Gore Surgical Mesh was implanted during that surgery (an allegation that Defendants deny), any medical claim arising out of that surgery could not be brought after February 22, 2003. By operation of the statute of repose, Plaintiff's claim is time barred on its face.

In an attempt to escape the time bar of Ohio Rev. Code § 2305.113(C), Plaintiff argues that the exception set out in Ohio Rev. Code § 2305.113(D) applies here. Section (D)(2) provides an exception to the statute of repose "[i]f the alleged basis of a medical claim . . . is the occurrence of an act or omission that involves a foreign object that is left in the body of the person making the claim." Ohio Rev. Code § 2305.113(D)(2). In that case, the person may commence his or her action within one year after discovering the "foreign object." *Id.* In support of his motion to remand, Plaintiff argues that the Gore Surgical Mesh is a "foreign object" placed within his body, thereby taking this case out of the reach of the statute of repose. (Pl.'s Mot. Remand, ECF No. 20 at PageID# 244.)

Plaintiff's motion for remand cites no authority to support the proposition that the Gore Surgical Mesh qualifies as a "foreign object" within the meaning of the statute of repose exception set forth in Ohio Rev. Code § 2305.113(D)(2). And, notably, the case law cited by Defendants cuts against Plaintiff's argument. Ohio cases indicate that the exception carved out for a "foreign object" left in a patient's body is intended to cover objects that should have been removed from the body, not to objects which are intentionally placed there as part of the medical procedure to which the patient consented. *See Emery v. Dettling*, No. 8117, 1976 Ohio App. LEXIS 6327 at *3 (Ohio Ct. App. Aug. 4, 1976) (distinguishing *Melnyk v. Cleveland Clinic*, 32 Ohio St. 2d 198, 290 N.E. 2d 916 (Ohio 1972), which applied tolling rule to a sponge and forceps that a surgeon negligently left in the patient's body during surgery); *Woodgeard v. Miami Valley Hosp. Soc.*, 47 Ohio Misc. 43, 45, 354 N.E. 2d 720 (Ohio C.P. 1975) ("foreign object" cases are limited to cases in which an object has been *negligently* left in the body) .[1]

Under Ohio law, this is not a "foreign object" case. The gravamen of Plaintiff's complaint is that the Gore Surgical Mesh was somehow defective and that Drs. McIltrot and Kennedy should have known of the defects. Plaintiff's case is not about the surgeons having failed to remove an object from Plaintiff's body that was not intended to be placed there. Accordingly, the exception to the statute of repose set forth in Ohio Rev. Code § 2305.113(D)(2)

---

[1] Defendants Riverside and Kennedy contend that this Court can conclude this is not a "foreign object" case based upon the contention that no Gore Surgical Mesh was implanted *at all* in Plaintiff's body. Thus, Riverside and Kennedy argue that Plaintiff's claim is factually flawed in that the premise upon which it is based (*i.e.*, that surgeons implanted surgical mesh in his body) is untrue. While Defendants may ultimately prevail on this factual issue, this is not an appropriate basis upon which to find fraudulent joinder. Plaintiff alleges—rightly or wrongly—that Gore Surgical Mesh was implanted in his body during his February 1999 surgery. Though the Court may look beyond the pleadings when considering a fraudulent joinder analysis, it may only do so for the limited purpose of identifying "*undisputed* facts that negate the claim." *Casias*, 695 F.3d at 433 (emphasis added). Riverside's and Kennedy's argument asks the Court to do more than that: it asks the Court to look at evidence outside the pleadings and resolve a disputed factual issue in their favor, then bootstrap that into a finding of fraudulent joinder. *See Walker*, 443 F. App'x at 956.

does not apply. As a result, the medical claims asserted against Ohio resident Defendants Riverside and Dr. Kennedy are time barred.

In his reply brief in support of his motion to remand, Plaintiff does not respond to Defendants' arguments regarding the inapplicability of the "foreign object" exception to the statute of repose. Instead, Plaintiff takes a different approach, arguing that he has alleged a valid claim against the Ohio resident Defendants for "negligence in the maintenance of [Plaintiff's] health records and spoliation of evidence." (Pl.'s Reply, ECF No. 37 at PageID# 443.) In particular, Plaintiff makes much of the fact that a post-operative record of one of the surgeons referred to Plaintiff as a 43-year old White male when Plaintiff was a 27-year old Black male at the time of the operation. Thus, Plaintiff argues that regardless of whether his medical malpractice claim is barred by the statute of repose, he has stated a valid claim for the Ohio Defendants' failure to properly maintain his medical records, a valid cause of action that prevents Defendants from removing this case on the basis of fraudulent joinder.

The Court is not persuaded by Plaintiff's argument. Even looking beyond the fact that Plaintiff did not reveal this alternative basis for remand until his reply brief, his argument is without merit.[2] Though he characterizes his claim with regard to the medical records as one for intentional spoliation of evidence (*i.e.*, spoliation of his medical records), Plaintiff did not allege a spoliation claim in his Complaint. Plaintiff alleges only a negligence claim with regard to the content of his medical records. This Court need not opine on whether Plaintiff *could* state a claim for spoliation of evidence because his Complaint simply does not state one at all; Plaintiff's claim with regard to his medical records sounds in negligence and nothing more. (Indeed, Plaintiff's Complaint titles the claim, "Physician and Hospital Negligence.")

---

[2] A reply brief is not the proper place for a movant to raise an issue for the first time. *See Ross v. Choice Hotels Int'l, Inc.*, 882 F. Supp. 2d 951, 958 (S.D. Ohio 2012).

So construed, the Court cannot find that Plaintiff has stated a negligence claim that would enable him to escape the doctrine of fraudulent joinder.  Plaintiff cites no authority for the proposition that a claim for negligent maintenance of medical records even exists under Ohio law.  And even if such a theory were conceivably cognizable, the claim alleged in the Complaint plainly arises out of the medical diagnosis, care, or treatment of Plaintiff with regard to the hernia operation occurring in February 1999.  As such, it is a "medical claim" within the meaning of Ohio Rev. Code § 2305.113(E)(3), is part and parcel of the medical malpractice claim asserted against Riverside and the doctors, and is subject to the statute of repose analyzed above.  Accordingly, the claim alleging negligent maintenance of medical records (assuming such a theory exists) is a medical claim that is time barred.

### III.

For the reasons set forth above, the Court finds that the doctrine of fraudulent joinder applies and that the action was, therefore, properly removed to this Court.  Accordingly, the Court **DENIES** Plaintiff's motion for remand and for attorneys' fees (ECF No. 20).  The Court further **DENIES AS MOOT** the alternative motion to sever of Defendants Davol and Bard (ECF No. 31).  The Court retains jurisdiction over this action.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE