IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL J. FAVOR,

        Plaintiff,

   v.

W.L. GORE ASSOCIATES, INC., et al.,

        Defendants.

Case No. 2:13-cv-655
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION & ORDER

This matter is before the Court for consideration of nine pending motions. The Court will first address Defendants' dispositive motions; specifically, Defendants G. Mitchell Kennedy, Christopher McIltrot, and Riverside Methodist Hospital's ("Riverside") motion for judgment on the pleadings (ECF No. 13, as supplemented by ECF No. 40), Defendant W.L. Gore Associates, Inc.'s ("Gore") motion to dismiss (ECF No. 28), and Defendants C.R. Bard, Inc. and Davol, Inc.'s ("Bard & Davol") motion for summary judgment (ECF No. 53) (collectively, "Dispositive Motions"). The Court notes that Plaintiff did not respond to Bard & Davol's motion for summary judgment.

Next, the Court will address Riverside's motion for sanctions pursuant to 28 U.S.C. § 1927 (ECF No. 17) and motion for sanctions pursuant to Federal Rule of Civil Procedure 11 (ECF No. 33), as well as Bard & Davol's motion for sanctions (ECF No. 58) (collectively, "Motions for Sanctions"). The Court notes that Plaintiff did not respond to Bard & Davol's motion for sanctions.

1

Following that discussion, the Court will address Plaintiff's motion and amended motion for reconsideration of the Court's September 19, 2013 Order denying his motion to certify certain issues for immediate appeal (ECF Nos. 63 and 66) (collectively, "Motions for Reconsideration"). For the reasons that follow, the Court **GRANTS** the Dispositive Motions, **DENIES** the Motions for Sanctions, and **DENIES** the Motions for Reconsideration.

I.     BACKGROUND

This case involves allegations of medical malpractice and product liability regarding an allegedly defective medical device. In his complaint, Plaintiff Michael Favors[1] alleges that he underwent hernia surgery in 1999, at which time surgeons implanted a mesh surgical patch designed to repair the hernia. Plaintiff acknowledges that the mesh was approved by the FDA in 1999, but claims that the mesh was defective. Plaintiff claims he suffered chronic pain caused by the defective mesh.

Plaintiff originally brought his claims for relief in state court. The complaint was removed to this Court on July 8, 2013. (ECF No. 1.) Plaintiff then filed a motion to remand (ECF No. 20), which the Court denied (ECF No. 47). Plaintiff filed a "motion to certify for immediate appeal" the Court's order denying his motion to remand (ECF No. 50), but the Court denied that motion as well (ECF No. 51). It is now settled that this Court retains jurisdiction over this matter. Plaintiff's allegations therefore are ripe for review.

Plaintiff asserts his claims against three groups of defendants. The first group, "Riverside," includes the surgeon and attending physician who performed Plaintiff's surgery, as well as Riverside Methodist Hospital, where the surgery took place.

---

[1] Plaintiff's complaint lists his name as "Favor," but his medical records indicate that his last name actually is "Favors." Disturbingly, Plaintiff signed an affidavit earlier in this case in which he used the name "Favor." (ECF No. 20.) Plaintiff's most recent submissions use the name "Favors."

The second group includes Defendant Gore, which allegedly manufactured the surgical mesh at issue. Although Plaintiff does not directly identify Gore as the manufacturer of the defective mesh, he refers to "Gore Surgical Mesh" throughout his Complaint.

The third group of Defendants, Bard & Davol, has no readily apparent connection to this lawsuit. Plaintiff alleges that Bard & Davol manufacture surgical mesh. Plaintiff further alleges that Bard, Davol, and Gore manufactured the "Gore Surgical Mesh" that allegedly injured Plaintiff. Plaintiff does not explain why he refers to the allegedly defective product as "Gore Surgical Mesh" and/or whether any connection exists between Bard, Davol, and Gore.

Bard & Davol filed a motion for summary judgment on all claims, explaining that they are Gore's competitors and have no connection to the product at issue. Plaintiff did not respond to Bard & Davol's motion. In his memorandum in opposition to the other Defendants' motions, however, Plaintiff informed the Court that his counsel simply "researched all makers of surgical mesh and attempted to cast the broadest possible net in order to avoid future statute of limitations problems." (ECF No. 62.)

Although the inclusion of Bard & Davol in Plaintiff's complaint is somewhat vexing, the more vexing allegations are those involving Plaintiff's actual surgery. After discussing the problems and recalls associated with "Gore Surgical Mesh," Plaintiff alleges that "Gortex Surgical Mesh Biomaterial" was used to repair his hernia. (Compl. ¶ 54.) Plaintiff does not, however, define "Gortex" mesh or explain whether it is the same as "Gore Surgical Mesh." Plaintiff later reverts back to his original terminology, alleging that Riverside operated on him "utilizing Gore Surgical Mesh." (Compl. ¶ 65.)

Plaintiff's medical records, which Riverside attached to its motion to dismiss, create additional confusion. The "Procedure" section of Plaintiff's medical records does not mention

3

surgical mesh of any kind. (ECF No. 13-2.) According to Riverside, those reports indicate "that the repair was made by sewing the abdominal wall tissues back together with sutures, rather than a patch (such as Gore Surgical Mesh)." (ECF No. 13, at 4.) In other words, Defendants contend that the allegedly defective mesh was not used during Plaintiff's 1999 hernia surgery.

Additional evidence appears to support Defendants' position. In an affidavit submitted in connection with the briefing on Plaintiff's motion to remand, Riverside Defendant G. Mitchell Kennedy, M.D. attached additional medical records in which the box "Implanted Devices" is checked "NO." (ECF No. 30-1, at 25.) Defendant Kennedy further stated that Plaintiff underwent a pelvic x-ray in 2007 that would have, but did not, reveal the existence of any surgical mesh. (ECF No. 30-1, at 2.)

Further complicating this matter, Plaintiff submitted an affidavit in connection with his motion to remand in which he stated, "**I do not know whether mesh was implanted into my body or not** although my medical records made references to mesh." (ECF No. 20, at 11 (emphasis added).) Plaintiff's medical records do mention "goretex" on a line for "Planned Operation/Procedure" and again under "Proposed Operation/History." (ECF No. 20, at 14–15.) Plaintiff also alleges that he "was informed by medical authority in March 2013, for the firt [sic] time, that surgical mesh had been implanted in him on February 22, 1999." (Compl. ¶ 26.)

An additional point about Plaintiff's medical records is worth noting. After Plaintiff requested his medical records from Riverside, he noticed that the records contain some inaccuracies. Specifically, the records refer to Plaintiff as a 43 year-old white male, when Plaintiff is a black male who was 27 years old at the time of the surgery. The medical records also state that Plaintiff underwent surgery on February 23, 1999 but was discharged the previous

4

day. Plaintiff's theory of this case appears to be that his medical records are inaccurate and do not conclusively establish whether he was implanted with the surgical mesh or not.

Each Defendant moved to dispose of the claims against it. Riverside filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), Bard & Davol filed a motion for summary judgment pursuant to Rule 56, and Gore filed a motion to dismiss pursuant to Rule 12(b)(6). The Court will consider each of these motions in turn.

## II. ANALYSIS

### A. Riverside's Motion for Judgment on the Pleadings (ECF No. 13, as supplemented by ECF No. 40)

Riverside moves for judgment on the pleadings pursuant to Rule 12(c), which allows the Court to enter judgment on a complaint that fails to state a claim for relief. *See, e.g., Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006). Because Plaintiff failed to file an affidavit of merit, the Court dismisses the claims against Riverside without considering its additional arguments as to why judgment on the pleadings is proper.

The "affidavit of merit" requirement is set forth in Ohio Civil Rule 10(D)(2), which provides:

> [A] complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in section 2305.113 of the Revised Code, shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence. Affidavits of merit shall include all of the following:
>
> (i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
>
> (ii) A statement that the affiant is familiar with the applicable standard of care;

5

>   (iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

The affidavit of merit serves to "establish the adequacy of the complaint." *Id*. When a plaintiff fails to file the required affidavit of merit, the court should dismiss the medical claims without prejudice. *See, e.g., Kollin v. City of Cleveland*, No. 11-cv-2605, 2013 U.S. Dist. LEXIS 97095, at *9 (N.D. Ohio May 24, 2013); *Kennedy v. U.S. Veteran's Admin.*, No. 2:11-cv-150, 2013 WL 5524686, at *4 (S.D. Ohio Oct. 4, 2013).

Ohio Revised Code 2305.113(E)(3)'s definition of "medical claim" includes a claim against a physician or hospital "that arises out of the medical diagnosis, care, or treatment of any person." Plaintiff cannot seriously dispute (indeed, he submitted no response on this point) that his claims against Riverside arise out of the care or treatment he received during his hernia surgery in 1999. Accordingly, his state-law claims for "medical malpractice" and "physician and hospital negligence" were subject to the "affidavit of merit" requirement of Civil Rule 10(D)(2).

Civil Rule 10(D)(2)'s "affidavit of merit" requirement is a substantive state-law requirement that applies in federal court. *See* ECF No. 48, at 1–2; *Kollin*, 2013 U.S. Dist. LEXIS 97095, at *7–8; *Kennedy*, 2013 WL 5524686, at *2–4. *Cf. Reed v. Speck*, 508 F. App'x 415, 423–24 (6th Cir. 2012) (affirming a district court's dismissal of a complaint because the plaintiff failed to comply with Tennessee's pleading requirements for medical malpractice claims). *But see Thompson v. United States*, No. 1:13-CV-00550, 2013 WL 3480347, at *3–5 (N.D. Ohio July 10, 2013). Plaintiff concedes this fact—he filed a motion for extension of time on September 9, 2013 to file an affidavit of merit with this Court. (ECF No. 44.) The Court denied Plaintiff's motion for extension. (ECF No. 48.) Plaintiff did not offer any response to Riverside's argument in its motion for judgment on the pleadings on this point.

6

To the extent Plaintiff is arguing that his claim for "negligent record keeping" is independent from his medical malpractice claim, such that it does not require an affidavit of merit, that argument fails.  Section 2305.113 clearly defines "medical claim" as any claim that "arises out of" the care or treatment of any person.  Plaintiff's allegations regarding the mistakes in his medical records clearly "arise out of" the medical treatment he received at Riverside.  As such, Plaintiff's allegations regarding negligent record keeping are part of Plaintiff's "medical claim" for purposes of the affidavit of merit requirement.  Dismissal, therefore, is proper.

Additional grounds exist on which Plaintiff's argument regarding a "negligent record keeping" claim must fail.  First, Plaintiff fails to cite a single case in which a court entertained such a claim.  And second, Plaintiff's proposed claim sounds in negligence, but he cannot assert the required elements of a negligence claim.  It is black-letter law that negligence requires a duty, breach, causation, and injury.  Even if Riverside breached a duty of care by making errors in Plaintiff's medical records, Plaintiff did not allege that those errors *caused* any *injury*.  Plaintiff alleges only that a defective product injured him, and that he is entitled to compensatory damages.  He does not allege that the errors in his medical records, which he apparently saw for the first time only recently (ECF No. 62, at 3), in any way contributed to or caused those injuries.[2]  Plaintiff's allegations of negligent record keeping therefore fail to state a claim.

As a result of the foregoing, the Court **GRANTS** Riverside's motion for judgment on the pleadings pursuant to Rule 12(c).  Defendants McIltrot, Kennedy, and Riverside Methodist Hospital are dismissed from this case.

---

[2] Plaintiff asserts in an affidavit that "[t]he lack of clarity concerning the use of mesh, have caused anxiety and mental distress." (ECF No. 20, at 11.)  But Plaintiff's complaint does not contain any such allegations.  Because the Court may only consider the *pleadings* in deciding a Rule 12(c) motion, Plaintiff's extraneous allegations of emotional distress are irrelevant for purposes of this Opinion and Order.

  **B. Bard & Davol's Motion for Summary Judgment (ECF No. 53)**

  Bard & Davol move for summary judgment in their favor pursuant to Federal Rule of Civil Procedure 56. Summary judgment is appropriate if there exist no genuine issues of material fact, such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Under Rule 56(c), the moving party bears the initial burden of demonstrating that the non-moving party cannot prove an essential element of his or her case. *Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 171 F.3d 1065, 1068 (6th Cir. 1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). The burden then shifts to the non-moving party to come forward with specific facts, supported by evidence in the record, upon which a reasonable jury could return a verdict in his or her favor. *Id*.

  Bard & Davol argue that Plaintiff cannot prove two material elements of his case: (1) that mesh was ever implanted into him, and/or (2) that Bard or Davol manufactured the mesh that was used. Regarding the first element, Bard & Davol attach two affidavits in support of their motion: one from Plaintiff stating that he does not know whether mesh was implanted into him (ECF No. 53-1); and one from Defendant Kennedy stating that Plaintiff's medical records do not indicate that any mesh was implanted, and that he viewed Plaintiff's 2007 pelvic scans, which did not reveal the existence of any mesh (ECF No. 53-3). Regarding the second element, Bard & Davol submitted an affidavit from the Vice President of Regulatory Affairs at Davol, Inc. (a wholly owned subsidiary of C.R. Bard., Inc.) stating that neither Bard nor Davol manufactures "Goretex" or "Gore" surgical mesh, and that, although the FDA recalled a Davol mesh product in 2007, that product was not on the market at the time of Plaintiff's hernia surgery in 1999. (ECF No. 53-2.)

Plaintiff did not respond to Bard & Davol's motion. Plaintiff therefore failed to come forward with specific facts on which a jury could reasonably find in his favor. And although Plaintiff made vague reference to Bard & Davol in his response to the other Defendants' Dispositive Motions, he did not cite or attach any evidence for the Court to consider. Accordingly, the Court **GRANTS** Bard & Davol's motion for summary judgment.

### C. Gore's Motion to Dismiss (ECF No. 28)

Plaintiff asserts claims of strict liability, negligence, and breach of warranty against Gore for the allegedly defective surgical mesh. Gore moves to dismiss these claims pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that, *inter alia*, Ohio's Product Liability Act, Ohio Revised Code § 2307.71 et seq. ("OPLA"), abrogates Plaintiff's claims. Plaintiff did not respond to Gore's motion on this point.

It is well-settled that the OPLA abrogates common law product liability claims. *See* Ohio Rev. Code § 2307.71(B) ("Sections 2307.71 to 2307.80 of the Revised Code are intended to abrogate all common law product liability claims or causes of action."); *Mitchell v. Proctor & Gamble*, No. 2:09-CV-426, 2010 WL 728222, at *3 (S.D. Ohio Mar. 1, 2010). "Claims that are authorized by the OPLA should be pled with reference to the applicable provision of the OPLA." *Mitchell*, 2010 WL 728222, at *4. Accordingly, a court should dismiss common law product liability claims that are pleaded without reference to the OPLA. *See id.* (dismissing the plaintiff's claims for strict liability, negligent failure to warn, and breach of warranty).

Here, Plaintiff's strict liability, negligence, and breach of warranty claims are "common law product liability claims" within the meaning of the OPLA. *See* Ohio Rev. Code § 2307.71(A)(13) (defining "product liability claim"). Plaintiff does not offer any argument as to why § 2307.71(B) would not apply to his claims. As such, because Plaintiff pleaded common

9

law product liability claims without reference to the OPLA, dismissal of those claims is proper. *Mitchell*, 2010 WL 728222, at *4. The Court therefore **GRANTS** Gore's motion and **DISMISSES WITHOUT PREJUDICE** the claims against it.

### D. Sanctions

Having found that all of Plaintiff's claims are subject to dismissal or summary judgment, the Court must now determine whether sanctions are appropriate. Both Riverside and Bard & Davol moved for sanctions pursuant to 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11, arguing that this case is frivolous and that Plaintiff's counsel failed to conduct a proper investigation of the facts and law before filing suit. The Court, however, declines to award sanctions at this time.

*1. Riverside's Motions for Sanctions (ECF Nos. 17 and 33)*

Plaintiff filed this case in state court in June 2013. Riverside removed the case to this Court, filed a motion for judgment on the pleadings on July 10, 2013, and then filed a motion for sanctions the next day. Riverside filed a second motion for sanctions on August 19, 2013. In both motions, Riverside argues that Plaintiff's Complaint has no factual or legal support. Specifically, Riverside argues that Plaintiff never had surgical mesh implanted into him (as evidenced by his medical records and 2007 pelvic scan) such that Plaintiff's claim must fail.

Riverside's argument that the Complaint lacks factual support puts the Court in the odd position of being required to make evidentiary determinations at the pleadings stage of this litigation. Although Riverside may deem it obvious from Plaintiff's medical records that no mesh was ever implanted, the Court has no basis on which to conclude that Plaintiff's records are accurate, or that Riverside's interpretation of those records is correct. Moreover, Plaintiff alleges that a medical provider informed him that he was implanted with mesh, that he has been

10

experiencing symptoms consistent with defective mesh, and that his medical records contain errors that cast doubt on their reliability.  The Court cannot, at the pleadings stage of this litigation and without knowing whether the parties have conducted any discovery in this case, conclude that such allegations are without factual support.  *See, e.g., Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc*., 88 F.3d 368, 372 (6th Cir. 1996) ("Whether a case is well grounded in fact will often not be evident until a plaintiff has been given a chance to conduct discovery.").

Riverside cites no case law in which other courts have awarded Rule 11 sanctions that require factual determinations at the pleadings stage of the case.  And, although the Court agrees with Riverside that Plaintiff's failure to file an affidavit of merit is telling, the Court has already ruled that such failure warrants dismissal of Plaintiff's medical claims.  Riverside does not explain why sanctions—on top of dismissal—are warranted.

Riverside also argues that Plaintiff's claim is barred by Ohio's four-year statute of repose, Ohio Revised Code § 2305.113(C), and preempted by the Medical Device Amendments to the Food, Drug and Cosmetic Act, 21 U.S.C. § 360c.  But Riverside's argument for sanctions reads exactly the same way as a motion for judgment on the pleadings.  Riverside does not identify any cases in which courts awarded Rule 11 sanctions in analogous circumstances.  Nor does Riverside explain why, if the Court were to award sanctions in this case, it would not have to award sanctions in every case in which it granted a motion for judgment on the pleadings on either statute of limitations or preemption grounds.  In other words, Riverside does not distinguish this case from any other case in which judgment on the pleadings is proper.  The Court therefore declines to award Rule 11 sanctions at this time.

The Court also declines to award sanctions under 28 U.S.C. § 1927.  Section 1927 states that an attorney may be liable for costs and fees if he or she "multiples the proceedings in any

11

case unreasonably and vexatiously." In *Ridder v. City of Springfield*, which Riverside cites in support of its argument, the Sixth Circuit found that sanctions were warranted under § 1927 because the plaintiff's attorney "brought suit against the [Defendants] without any evidence to support a basis for municipal liability, and he persisted in pressing the allegations for over five years, despite unearthing no evidentiary support for the claims even after full discovery." 109 F.3d 288, 298 (6th Cir. 1997). *Ridder*, however, is a far cry from this case, which involves a single complaint (as opposed to the *Ridder* plaintiff's third amended complaint) that has been pending for less than a year. The Court also notes that, in this case, the Magistrate Judge instructed the parties to minimize discovery during the pendency of the Dispositive Motions. (ECF No. 42, at 2 (stating that the Court "will expect the parties to proceed with a view to minimizing the risk of unnecessary expense and burden to any party" and instructing the parties to contact the Court if a discovery request is unreasonable "considering the posture of the case").) Thus, although the Court questions Plaintiff's decision to file this lawsuit, it cannot conclude that Plaintiff's counsel "multiplied" the proceedings in such a way as to warrant sanctions at this point. The Court therefore **DENIES** Riverside's motions for sanctions pursuant to § 1927 and Rule 11.

2. *Bard & Davols' Motion for Sanctions (ECF No. 58)*

Bard & Davol filed a motion for sanctions on September 30, 2013, shortly after filing its motion for summary judgment. Like Riverside, Bard & Davol argue that both Rule 11 and § 1927 warrant sanctions.

Regarding the Rule 11 argument, the Court notes that Bard & Davol did not attach an affidavit or exhibit from which the Court can conclude that Rule 11's safe harbor provision has been met. Pursuant to Rule 11, a party may not file a motion for sanctions unless and until it

12

serves the motion and allows the opposing party 21 days to correct the alleged deficiencies.  Fed. R. Civ. P. 11(c)(2); *Ridder*, 109 F.3d at 296 (21-day safe harbor provision is an "absolute requirement").  Bard & Davol acknowledge this requirement in their motion and assert that they complied with it, (ECF No. 58, at 10), but provide no evidentiary support for that statement.  As such, the Court has no basis to conclude that Bard & Davol complied with Rule 11's safe harbor provision.  The Court therefore declines to award Rule 11 sanctions to Bard & Davol.

The Court similarly declines to issue sanctions pursuant to § 1927 for the same reasons as those set forth above.  Accordingly, although the Court is perplexed as to Plaintiff's inclusion of Bard & Davol in this litigation, it declines to award sanctions at this time.  The Court **DENIES** Bard & Davol's motion for sanctions.

### E.  Plaintiff's Motion and Amended Motion for Reconsideration (ECF Nos. 63 & 66)

Plaintiff filed a motion and amended motion for reconsideration of the Court's September 19, 2013 Order denying Plaintiff's motion to remand or, alternatively, to certify certain state law questions to the Ohio Supreme Court.  Plaintiff argues that the Court must certify certain questions for immediate appeal in order to advance the ultimate termination of this litigation.  Because this Opinion & Order disposes of Plaintiff's claims, however, that argument is moot.  The Court further notes that Plaintiff failed to point out any clear errors of law and/or manifest injustice that resulted from the Court's September 19, 2013 Opinion and Order.  The Court **DENIES** Plaintiff's motion and amended motion for reconsideration.

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Riverside's Motion for Judgment on the Pleadings (ECF Nos. 13 & 40), **DENIES** Riverside's motions for sanctions (ECF Nos. 17 & 33), **GRANTS** Gore's Motion to Dismiss (ECF No. 28), **GRANTS** Bard & Davol's Motion for

Summary Judgment (ECF No. 53), **DENIES** Bard & Davol's motion for sanctions (ECF No. 58), and **DENIES** Plaintiff's motion and amended motion for reconsideration (ECF Nos. 63 & 66). The Clerk is **DIRECTED** to enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

    **IT IS SO ORDERED.**

                                        **/s/ Gregory L. Frost**
                                        **GREGORY L. FROST**
                                        **UNITED STATES DISTRICT JUDGE**