IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL J. FAVOR,**

        **Plaintiff,**

   v.

**W.L. GORE & ASSOCIATES, INC., et al.,**

        **Defendants.**

Case No. 2:13-cv-655
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION & ORDER

This matter is before the Court for consideration of Defendants C.R. Bard, Inc. and Davol, Inc.'s ("Bard & Davol") renewed motion for sanctions (ECF No. 76). In their "renewed motion," Bard & Davol incorporate by reference their previous motion for sanctions (ECF No. 58). The Court denied that motion on February 11, 2014, (ECF No. 74), because, *inter alia*, Bard & Davol failed to attach an affidavit or other evidence from which the Court could conclude that they complied with Federal Rule of Civil Procedure 11's 21-day "safe harbor" provision. Despite the fact that the Court's February 11, 2014 Opinion & Order also granted summary judgment to Bard & Davol and terminated this case in its entirety, Bard & Davol now seek to renew their motion for sanctions. Attached to Bard & Davol's "renewed motion" is an affidavit from counsel stating that he complied with Rule 11's 21-day safe-harbor provision prior to filing his previous motion for sanctions with this Court. For the reasons that follow, the Court **DENIES** the renewed motion.

A brief overview of the posture and timeline of this case is relevant to the Court's decision not to award sanctions. The facts that Bard & Davol filed their motion in the early

stages of the case, that it is unclear whether the parties conducted any discovery, and that the Court has already granted judgment in Bard & Davol's favor and denied their motion for sanctions all weigh against granting their "renewed" motion.

By way of brief background, Plaintiff Michael Favors filed his complaint in state court in June 2013. (ECF No. 2.)[1] Bard & Davol's co-defendant, W.L. Gore & Associates, Inc., removed the case to federal court in July 2013 (ECF No. 1), at which time Bard & Davol filed an answer denying liability (ECF No. 7). Bard & Davol's co-defendants filed motions to dismiss/for judgment on the pleadings shortly thereafter (ECF Nos. 13 & 28).

In the Preliminary Pretrial Order dated September 4, 2013, the Magistrate Judge instructed the parties to "proceed with a view to minimizing the risk of unnecessary expense and burden . . . . If any party concludes that a specific discovery request is unreasonable, considering the posture of the case, that party may request a conference with the Court . . . ." (ECF No. 42, at 2.) The Court is not aware of any such conferences being held. In fact, the Court is not aware whether any discovery has been conducted in this case.

The day after the Magistrate Judge issued the Preliminary Pretrial Order, on September 5, 2013, Bard & Davol emailed a copy of their proposed motion for sanctions to Plaintiff's counsel pursuant to Rule 11's safe-harbor provision. (ECF No. 76-1.) The motion states that Plaintiff and his counsel "conducted insufficient factual and legal analysis before filing the complaint, and continue to maintain the action even with no evidence to support it." (ECF No. 58, at 2.) Specifically, the motion states that Plaintiff's complaint is based on defective surgical mesh that, in actuality, was never implanted into Plaintiff. Bard & Davol cited Plaintiff's medical records and co-defendant G. Mitchell Kennedy's interpretation of those records as evidence in support of its motion. Bard & Davol also asserted that they do not manufacture Goretex surgical mesh

---

[1] The allegations are summarized in more detail in the Court's February 11, 2014 Opinion & Order. (ECF No. 74.)

(which was mentioned in Plaintiff's medical records) and therefore cannot be liable for Plaintiff's alleged injuries.

Before the 21-day safe harbor provision expired, on September 23, 2013, Bard & Davol filed a motion for summary judgment. (ECF No. 53.) The motion repeats the same arguments that Bard & Davol make in their motion for sanctions. Specifically, Bard & Davol argued that summary judgment was appropriate because the medical records suggest that no surgical mesh manufactured by Bard & Davol was used during Plaintiff's surgery.

Seven days after filing their motion for summary judgment, Bard & Davol filed their motion with sanctions with this Court. (ECF No. 58.) In the motion, Bard & Davol noted that they complied with Rule 11's 21-day safe-harbor provision, but did not provide an affidavit or any evidence on which the Court could confirm that statement. The certificate of service attached to the motion indicated only that it was filed on September 30, 2013. (Id.) The Court only became aware that the motion was served on September 5, 2013 because of Bard & Davol's "renewed" motion, filed several months later.

The Court addressed Bard & Davol's motion for sanctions, motion for summary judgment, and seven other pending motions—including Bard & Davol's co-defendant's motion for sanctions—in its February 11, 2014 Opinion and Order. (ECF No. 74.) In that Order, the Court denied all motions for sanctions. The Court noted that the case was in the initial stages of litigation, that it was unclear whether the parties had conducted any discovery, and that Bard & Davol failed to properly apprise the Court whether they complied with Rule 11's 21-day safe harbor provision. The Court therefore declined to exercise its discretion to award sanctions under Rule 11 and/or 28 U.S.C. § 1927.

Also in the February 11, 2014 Order, after granting Bard & Davol's co-defendants' motions to dismiss, the Court held that Plaintiff failed to meet his burden in providing evidence to rebut Bard & Davol's motion for summary judgment. (ECF No. 74.) The Court therefore granted summary judgment in Bard & Davol's favor. All claims against all Defendants were terminated.

Bard & Davol now "renew" their motion for sanctions by attaching an affidavit explaining that they complied with the 21-day safe harbor provision and essentially asking the Court to reconsider its earlier ruling. (ECF No. 76.) But that filing places Bard & Davol in the awkward position of unnecessary reopening this litigation to pursue their previous motion for sanctions, based on their position that Plaintiff unnecessary multiplied and pursued this litigation. Equitable considerations, which "should be factors in the sanction determination," *Orlett v. Cincinnati Microwave, Inc*., 954 F.2d 414, 420 (6th Cir. 1991), surely do not favor an award of sanctions based on an attorney's errors when the request for such sanctions was, itself, procedurally deficient.

In short, Bard & Davol had a chance to present their arguments for sanctions in their motion filed September 30, 2013. The Court denied that motion, and the litigation is over. Bard & Davol were not entitled to an advisory opinion from the Court informing them of the deficiencies of their motion and then an opportunity to cure those deficiencies. *Cf. PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004) (denying the plaintiffs' general request for leave to amend their complaint and stating, "Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies") (quoting *Begala v. PNC Bank*, 214 F.3d 776, 783–84 (6th Cir. 2000)).

Additional grounds support the Court's decision not to award sanctions to Bard & Davol. As stated in the Court's February 11, 2014 Opinion & Order, it is unclear whether the parties have conducted any discovery in this case. The Sixth Circuit has cautioned against awarding sanctions for a frivolous complaint before the parties have conducted discovery. *Tahfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2003). Given that Bard & Davol served their motion for sanctions just one day after the Preliminary Pretrial Conference, the Court cannot conclude that it has all facts in front of it to determine that Plaintiff's counsel acted unreasonably in filing a complaint without factual support. That is especially true where, as here, Bard & Davol's motion relies on conclusions drawn from Plaintiff's medical records, but the crux of Plaintiff's allegations appears to be that his medical records (which identify him as a 43 year old white male when he is a black male who was 27 years old at the time of the surgery) are inaccurate.[2]

Additional factors support the Court's decision not to award sanctions in this case. As stated above, the Magistrate Judge instructed the parties to minimize discovery during the pendency of Defendants' dispositive motions. (ECF No. 42.) The Court is not aware of any unreasonable discovery requests or other conduct suggesting that Plaintiff improperly attempted to drive up the costs of litigation once he filed the complaint. And finally, very little has happened in this case since the 21-day safe harbor period (which began running on September 5, 2013) expired. If Plaintiff's counsel had withdrawn his allegations against Bard & Davol within that time period, as would have been his right under Rule 11, there is no indication that Bard & Davol would have been spared significant time and expense. Although none of these factors are

---

[2] The Court granted Bard & Davol's motion for summary judgment because Plaintiff failed to respond and therefore failed to meet his burden in setting forth evidence to rebut Bard & Davol's claims. (ECF No. 74.) That conclusion does not compel the Court to conclude that Plaintiff's complaint lacked factual and evidentiary support such that sanctions are warranted.

dispositive in a Rule 11 analysis, they do not support the imposition of sanctions in a close call such as this one.

In closing, the Court notes that it remains perplexed by Plaintiff's counsel's decision to file this complaint.  The Court is similarly perplexed by Plaintiff's counsel's failure to respond in any meaningful way to the arguments asking for sanctions against him.  Although the Court declines to award sanctions at this time, it will not look favorably upon any attempt to revive this litigation without convincing support for the factual allegations at issue.

For the foregoing reasons, the Court **DENIES** Bard & Davol's renewed motion for sanctions.  (ECF No. 76.)

**IT IS SO ORDERED.**

>  **/s/ Gregory L. Frost**
>  **GREGORY L. FROST**
>  **UNITED STATES DISTRICT JUDGE**